W. J. "Bill" McCUEN, County Judge et al
*v.* Matthew HARRIS, Tax Collector et al

80-163                                  611 S.W. 2d 503
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*Walter G. Wright*, Pros. Atty., 18th Judicial Dist., by: *Paul R. Bosson*, Deputy Pros. Atty., for appellants.

*McCraw, Schneider, Love & Rush*, by: *David M. Love*, for appellees.

FRANK HOLT, Justice. A series of ordinances were enacted by the Garland County Quorum Court pursuant to Act 742 of 1977, the Arkansas County Government Code, as authorized by Amendment 55 of our Constitution. Conflicts arose as to the extent of the authority of the quorum court, by these ordinances, to control official duties of the county officers and their personnel. This culminated in this lawsuit in

which the appellees, six Garland County elected officials, filed a complaint against the appellants, the county judge and the quorum court, challenging the validity of various ordinances. The trial court found that several of the questioned ordinances or sections were invalid and that a lesser number were valid. The court also found that the Board of Election Commissioners had properly incurred certain legal expense and judgment was awarded against the county for the fees sought. The court also found that the prosecuting attorney was required to represent the appellants. By direct and cross-appeal, the parties question, *inter alia*, the correctness of the court's validating and invalidating the various ordinances.

At the outset, we observe that the only issues, which are based on a factual dispute, consist of the court's finding that the county was obligated to pay an attorney fee incurred by the Election Commissioners, and the court's denial of the prosecuting attorney's motion to be relieved as counsel in this litigation between these county officials. On the other issues, the validity of the ordinances, it was stipulated there were no controverted facts and that the only issues involved were questions of law. The various ordinances and laws were merely placed before the trial court with the request that he resolve their validity. On appeal, for example, we are urged to furnish a definition for "employees and deputies", which wold remove many of the existing difficulties and, further, it is necessary to have a definitive statement as to the extent of the quorum court's authority with respect to the employees and deputies of the various elected officials.

We are not unmindful of the intense desire and need, as urged in oral argument, for a resolution of these issues. In effect, however, we are asked to decide an academic question on issues where no pertinent facts were presented to the trial court. Since we do not issue advisory opinions, we must decline to do so here. *McDonald* v. *Bowen*, 250 Ark. 1049, 468 S.W. 2d 761 (1971); *Hogan* v. *Bright*, 214 Ark. 691, 218 S.W. 2d 80 (1949); and 16 C.J.S. Constitutional Law § 150. The requested opinion, being only in the nature of advice, does not have the force, effect and binding nature of a judicial decision which resolves an actual specific controversy between parties.

We do find merit, however, in the prosecuting attorney's contention that he should have been relieved as counsel in this controversy between these county officials. The prosecutor urged the court that he should be relieved of his duties on the grounds of conflict of interest. Appellants responded there were no objections to being represented by the prosecuting attorney. It appeared there was no conflict as to confidential matters. The prosecuting attorney acknowledges that Act 742 of 1977 (Ark. Stat. Ann. § 17-4014 (2) [Repl. 1980]) requires him to serve as legal counsel to the quorum court. However, he argues here that he is also called upon, in his capacity from day to day, to advise the various county officials. Also, during this litigation, he might be required to communicate directly with the adversary parties, the appellee county officials. Further, disciplinary Rules 5-101, 5-105, and 5-107, Code of Professional Responsibility, and Canon 9 of the Code require that he be relieved as the attorney in this matter to avoid the appearance of impropriety. Even though there was full disclosure of possible adverse interests and appellants had no objection to his representing them, we are of the view and hold that a prosecuting attorney is placed in an untenable position whenever, as here, he is required to represent county officials who have competing interests with respect to other county officials. It could place him in the position, as argued, to have to choose between them or accept the one who first requests his services.

However, we agree with the trial court in awarding $560 in attorney's fees incurred by the County Board of Election Commissioners. It appears that voting machines were stored in a county owned building and moisture was causing them to rust and deteriorate. An attorney was employed by the commission to force the correction of the problem. The county judge denied the claim and the commission appealed to the trial court, which allowed the claim. Appellants argue that the commission was under a duty to inquire about the status of the proposed repairs by the county judge before filing the lawsuit, and, furthermore, county officials may not indiscriminately hire an attorney and waste county funds. The commission is responsible for the care and custody of election machines. Ark. Stat. Ann. § 3-1207 (Repl. 1976). It is undisputed that the moisture problem existed and needed cor-

recting. The amount of the award is not questioned. Based upon the facts in the record, we cannot say the court's ruling on this controverted claim is clearly against the preponderance of the evidence.

Affirmed in part, reversed in part and remanded.

PURTLE, J., concurs.

JOHN I. PURTLE, concurring in part, dissenting in part. I concur in the result as to the attorney's fee and the granting of the prosecuting attorney's request to be relieved. However, I would decide the other matters presented rather than send them back for a stipulation of disputed facts. After all, we know what the dispute is about, and it will be back up here as soon as the facts are stipulated and the court rules again on the disputed items.