Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an official opinion wherein you posed the following question:
 If the members of the county board of education are sued because of actions taken by the board, is it the duty of the prosecuting attorney for the county (or his deputy) to defend the board?
Ark. Stat. Ann. 24-138 (Supp. 1985) provides that the county attorney rather than prosecuting attorney, is responsible for defending county offices in civil actions. Prior to the passage of Ark. Stat. Ann. 24-138 (Acts 1981, No. 888, 4) the prosecuting attorney was responsible for representing county offices in both civil and criminal actions. Ark. Stat. Ann. 24-101 (Repl. 1962). While Ark. Stat. Ann. 24-139 (Supp. 1985) transfers all civil duties of the prosecuting attorney to the county attorney "in those counties which have established the office of civil attorney," section 7 of Act 888 of 1981 specifically repealed Ark. Stat. Ann. 24-101. Hence, although the argument might be made that the prosecuting attorney still would have all civil responsibilities in counties that had not established the office of civil attorney, the statute which would impose the responsibility on the prosecuting attorney has been repealed. Another statute, however, Ark. Stat. Ann. 17-4014 (2)(c) (Repl. 1980) which has not been repealed, continues to place such responsibility on the office of the prosecuting attorney, to wit:
 (c) Duties of Legal Counsel. The Legal Counsel of a Quorum Court shall attend all regular and special meetings of the Court; perform all duties prescribed in this Act; and perform all other duties as may be required by a Quorum Court.
Two other specific statutes continue to place responsibility on the prosecuting attorney for civil matters involving the County Board of Equalization [Ark. Stat. Ann. 84-708 (Repl. 1980]) and the County Board of Election Commissioners [Ark. Stat. Ann. 3-506.1 (Repl. 1976)].
In order to reconcile the statutes, it must be concluded that although Act 888 of 1981 (Ark. Stat. Ann. 24-138) appears to relieve prosecuting attorneys of civil responsibilities, this is only the case if the quorum court under Ark. Stat. Ann. 17-4014 (2)(c) relieves the prosecutor of these responsibilities as well. Of course, it would appear that this would only occur if the quorum court had created an office of civil attorney pursuant to Ark. Stat. Ann. 24-139.
As a caveat, your attention is directed to McCuen v. Harris,271 Ark. 863, 611 S.W.2d 503 (1981) which addresses the appropriate action for a prosecuting attorney when a conflict results in the representation of various units of county government.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.