Mr. Marc D. Parnell, Director Arkansas Board of Dispensing Opticians 105 Central Avenue Searcy, Arkansas 72143
Dear Mr. Parnell:
This is in response to your request for an opinion regarding the constitutionality of the residency requirement in the Arkansas Optician Law.
It is my opinion that the requirement is constitutionally suspect.
The provisions about which you inquire appear at A.C.A. §§17-88-302 and -303. They require Arkansas residency in order to obtain a license as a licensed dispensing optician or registration as a registered dispensing optician. They provide in pertinent part, respectively, as follows:
 (a) Every applicant for examination as a licensed dispensing optician shall present satisfactory evidence to the board that he is over the age of twenty-one (21) years, a bona fide resident of Arkansas, of good moral character, a high school graduate or the equivalent thereof. . . . [Emphasis added.]
 Every applicant for examination as a registered dispensing optician shall present satisfactory evidence to the board that he is over the age of twenty-one (21) years, a bona fide resident of Arkansas, of good moral character, a high school graduate or the equivalent thereof. . . . [Emphasis added.]
In my opinion these provisions may run afoul of the "privileges and immunities" clause of the United States Constitution. It has been stated that:
 The right to follow any of the ordinary callings of life is one of the privileges of a citizen of the United States. The Federal Constitution guarantees to citizens of state A the privilege of doing business in state B on terms of substantial equality with the citizens of state B. Hence, a state may not, consistently with the Federal Constitution, prohibit the citizens of other states from carrying on legitimate business within its borders like its own citizens. Thus, license legislation that discriminates against nonresidents of the state (or nonresidents of a political subdivision of the state), either by refusing to grant licenses to such nonresidents or by granting them on different terms, where not required under the police power of the state for the protection of the local citizens, is, as a general rule, void as violating Article IV § 2 of the Federal Constitution. . . .
16A Am. Jur. Constitutional Law § 728 at 755-756.
Article IV, § 2 of the U.S. Constitution is the "privileges and immunities clause." Our Arkansas Supreme Court has recognized a similar rule as to nonresidents in Ragland, Commissioner ofRevenues v. Forsythe, 282 Ark. 43, 666 S.W.2d 680 (1984) as follows:
 The Privileges and Immunities Clause of the U.S. Const. art IV, § 2 cl. 1, provides: `The citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the Several States.' It is a general rule that license legislation that discriminates against nonresidents of a state by refusing to grant them licenses where not required under the police power of the state for the protection of local citizens is void as violating the privileges and immunities and equal protection clauses of the U.S. Constitution.
282 Ark. at 46-47.
It appears that the only question to be resolved in the test set out above is whether a residency requirement for licensed dispensing opticians and registered dispensing opticians is necessary under the police power for the protection of local citizens. We can conceive of no such necessity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb