The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, Arkansas 72110-3419
Dear Representative Hawkins:
This is in response to your request for an opinion on the three questions set out below:
 1. Is the Prosecuting Attorney the legal counsel for the county which he or she is elected in?
 2. Is the Prosecuting Attorney the legal counsel of the elected officials while performing their duties?
 3. If a lawsuit was filed against a county and also named the elected official individually and in his or her official capacity, would it be the duty of the Prosecuting Attorney to represent the elected official in his official capacity and individually as well as the county?
In response to each of these questions, I must note that the answers will depend upon local ordinances. I have not been provided with any information relevant to any such ordinances, and will thus set out the general state law on the topic.
In response to your first question, it is my opinion that the prosecuting attorney may or may not be the civil legal counsel for the county, depending upon the relevant local county ordinances. Two state statutes are relevant to the question. The first is A.C.A. 14-14-902(b) (a part of the "county government code), which provides that:
 COUNSEL. (1) LEGAL COUNSEL. The prosecuting attorney or his deputy serving each county shall serve as legal counsel of the quorum court unless otherwise provided by county ordinance.
 (2) ALTERNATE DESIGNATION OF LEGAL COUNSEL. A quorum court may, by ordinance, provide for the appropriation of county funds for the employment of legal counsel to serve the court.
 (3) DUTIES OF LEGAL COUNSEL. The legal counsel of a quorum court shall:
 (A) Attend all regular and special meetings of the court;
 (B) Perform all duties prescribed in this chapter; and
 (C) Perform all other duties as may be required by a quorum court.
Although the statute above states that the prosecuting attorney shall be the legal counsel for the quorum court, (absent a county ordinance indicating otherwise), it does not provide that the prosecuting attorney is the legal counsel in every civil action involving the county, or, with regard to your second question, that he or she is the legal counsel to the county elected officials. I have found no other state statute which requires this result.[1] It should be noted, however, that the statute cited above, A.C.A. 14-14-902(b), authorizes the quorum court to set additional duties of the county's legal counsel. A.C.A. 14-14-902(b)(3)(C). It might be contended, therefore, that the quorum court could, by local ordinance, place the responsibility for representing the elected county officials on the prosecuting attorney. I have found no precedents discussing the legality of such ordinances. Cf., however, McCuen v. Harris, 271 Ark. 863, 611 S.W.2d 503
(1981). Reference to any local ordinances on the subject is therefore recommended.
The second state statute which is relevant to your question is A.C.A 16-21-114 (Cum. Supp. 1993), which authorizes each quorum court to select a "county civil attorney" or "county attorney." The statute provides that the county attorney shall commence and prosecute or defend all civil actions in which his county is concerned. A.C.A. 16-21-114 (b). The statute also provides that "all civil duties provided by the laws of the State of Arkansas or the ordinances of the several counties to be performed by the prosecuting attorney shall be performed by the county attorney in those counties which have established the office of civil attorney." A.C.A. 16-21-114 (d).
You have not indicated whether the county in question has a county civil attorney. If it does, the relevant county ordinance may require this attorney to represent the elected county officials. If the county does not have a county civil attorney, the prosecuting attorney's responsibility to represent the elected county officials may be governed by county ordinance. Absent any county ordinance on point, I cannot conclude that the prosecuting attorney has any legal duty to represent the elected county officials.[2] Presumably, the quorum court could authorize the expenditure of funds for the employment of legal counsel in such instances, provided there is an appropriation therefor.
The answer to your third question will again depend upon any relevant local ordinances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Other particular statutes, however, provide that the prosecuting attorney shall represent certain county officials in certain instances. See, e.g., A.C.A. 7-4-106 (prosecuting attorney has duty to defend county board of election commissioners); A.C.A. 14-22-115 (prosecuting attorney may be called upon by county "purchasing official" for advice with legal matters); A.C.A. 26-25-105 (c), (prosecuting attorney has duty to appear in circuit court on behalf of county in certain tax matters); and A.C.A. 26-27-318 (prosecuting attorney has duty to prosecute appeals before the county and circuit courts on certain tax matters when called upon by the county assessor, member of the county board of equalization, or county court.)
[2] See however, note 1, supra.