The Honorable Tom Courtway State Representative P.O. Box 56 Conway, Arkansas 72033
Dear Representative Courtway:
This is in response to your request for an opinion on behalf of the City Attorney of Vilonia. Your question is whether a city attorney for a city of the second class is bound to defend an action brought against the city council by the mayor of the city. You note that under A.C.A. §14-42-112, it is the city attorney's duty to "represent the city or town in all actions, both civil and criminal." Correspondence attached to your request indicates that the mayor has sued the city council for an injunction to prevent the enforcement of an ordinance the mayor contends is unlawful. The city attorney is concerned that his representation of the city council in the lawsuit in question, in which the mayor is the plaintiff, will give rise to a conflict of interest for him, and the question is thus whether, under the statute, he is bound to defend the city under such circumstances.
It is my opinion that the answer to your question is "no," the city attorney is not bound to defend the suit and may recuse from such representation.
A similar dispute was discussed in McCuen v. Harris, 271 Ark. 863,611 S.W.2d 503 (1981). In McCuen, a number of county elected officers sued the county judge and quorum court over the passage of ordinances which the county elected officers contended exceeded the authority of the quorum court. The prosecutor sought to be relieved as counsel for the quorum court under such circumstances. There was a statute requiring the prosecuting attorney to serve as legal counsel to the quorum court. See
current A.C.A. § 14-14-902(b). The prosecutor argued, however, that he was also called upon, in his capacity from day to day, to advise the various elected county officials. 271 Ark. at 865. The Arkansas Supreme Court agreed that the prosecuting attorney should have been relieved as counsel for the quorum court in the case, stating:
 Even though there was full disclosure of possible adverse interests and appellants had no objection to his representing them, we are of the view and hold that a prosecuting attorney is placed in an untenable position whenever, as here, he is required to represent county officials who have competing interests with respect to other county officials. It could place him in the position, as argued, to have to choose between them or accept the one who first requests his services.
271 Ark. at 865.
The court cited several disciplinary rules from the Arkansas Code of Professional Responsibility (now the Model Rules of Professional Conduct) to support its decision that the prosecutor must be relieved of his duty. Id. at 865.
Although the question you present involves a city attorney rather than a prosecuting attorney, the analysis of the McCuen case would appear to apply with equal force to a city attorney in a city of the second class. The duties of each under the applicable statutes are similar. See A.C.A. § 14-14-902(b) (requiring the prosecutor to act as legal counsel to the quorum court and "perform all other duties as may be required by [the] quorum court"); and A.C.A. § 14-42-112 (d) (requiring the city attorney to represent the city in all actions, to "advise with all city or town officials at any time needed," and to perform any other duties required by the city council).
In my opinion, therefore, there is adequate authority for the city attorney to be relieved of his duty of representation in this instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh