The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion on what, if any, statutory or constitutional requirement exists for the Prosecuting Attorney to provide legal advice and legal representation for the County Library System.
It is my opinion that no "statutory or constitutional requirement" exists in this regard. It should be noted, however, under the provisions of the applicable statute, that such a requirement might be imposed by local county ordinance. The statute is not entirely clear in this regard, however, and could benefit from legislative clarification.
The duties of the prosecuting attorney as regards the civil representation of the counties in which he serves are set out in A.C.A. § 14-14-902(b)(1987).[1] This provision states as follows:
 (b) COUNSEL. (1) LEGAL COUNSEL. The prosecuting attorney or his deputy serving each county shall serve as legal counsel of the quorum court unless otherwise provided by county ordinance.
 (2) ALTERNATE DESIGNATION OF LEGAL COUNSEL. A quorum court may, by ordinance, provide for the appropriation of county funds for the employment of legal counsel to serve the court.
 (3) DUTIES OF LEGAL COUNSEL. The legal counsel of a quorum court shall:
(A) Attend all regular and special meetings of the court;
(B) Perform all duties prescribed in this chapter; and
(C) Perform all other duties as may be required by a quorum court.
This statute requires only that the prosecuting attorney represent the "quorum court." It does not indicate whether he is also to represent the elected county officials or any other county administrative boards. Subsection (b)(3)(C), however, provides that the prosecuting attorney shall "perform all other duties as may be required by a quorum court." I have previously opined, under this language, that the quorum court, could, by ordinance, make it the prosecuting attorney's duty to represent the elected county officials. See Op. Att'y Gen. 94-067. (Cf. also McCuenv. Harris, 271 Ark. 863, 611 S.W.2d 503 (1981) (acknowledging that the prosecuting attorney must be excused from representation of the quorum court where it is in an adversarial position with other county officials whom the prosecutor is also called upon to advise). The legislative intent is not completely clear in this regard, however, as the reference to the performance of "duties as may be required by a quorum court" may indicate other duties to be performed for the quorum court, as opposed to duties the quorum court imposes by ordinance which are to be performed for others.
The issue could thus benefit from legislative clarification. I have found no other statute which speaks to the prosecutor's representation of county library systems specifically.[2] Of course, counties are free to retain private civil legal counsel for the county, which counsel is to perform all civil duties provided by state law or ordinance which were formerly performed by the prosecuting attorney. See A.C.A. § 16-21-114
(1987). Your question appears to assume however, that no such counsel has been employed.
In short, therefore, although state statutes do not expressly govern the question, it is possible that a county could enact an ordinance imposing a duty of representation of the county library system in this regard. The statute is not entirely clear on this point, however, and could benefit from legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The Arkansas Constitution is silent as to the duties of prosecuting attorneys.
[2] As noted in Op. Att'y Gen. 94-067, several specific statutes place additional responsibilities on the prosecuting attorney to provide civil representation to a county. See, e.g., A.C.A. § 7-4-106 (prosecuting attorney has duty to defend county board of election commissioners); A.C.A. § 14-22-115 (prosecuting attorney may be called upon by county "purchasing official" for advice with legal matters); A.C.A. §26-25-105(c) (prosecuting attorney has duty to appear in circuit court on behalf of county in certain tax matters); A.C.A. § 26-27-318 (prosecuting attorney has duty to prosecute appeals before the county and circuit courts on certain tax matters when called upon by the county assessor, member of the county board of equalization, or county court); and A.C.A. § 16-21-102 (prosecuting attorney to give his opinion to any county or township office in his judicial district, on matters of criminal law in which the state or county is concerned).