The Honorable Jimmie L. Wilson State Representative 1738 Phillips County 438 Road Lexa, AR 72355
Dear Representative Wilson:
This is in response to your request for an opinion on the following questions:
 1. In Phillips County, the County Court is expending three different appropriations for the legal representation of the County. L. Ashley Higgins and Alvin Simes, private attorneys, are receiving public funds for representing the County Judge and the County Quorum Court, respectively. Todd Murray, Deputy Prosecutor, is receiving funds to represent the County and, under State law, is required to represent all county entities. Is the permanent payment of private lawyers to represent the county and quorum court, instead of receiving representation by the prosecuting attorney's office, constitutionally acceptable or statutorily permitted?
 2. What are the remedies to the taxpayer if the expenditures of three separate appropriations for representation in this cause is not found to be legally acceptable?
 3. Who has the duty under Arkansas law to represent county entities and under what circumstances can they avoid that duty and still receive wages and financial support from the county?
 4. What is the remedy of taxpayers for a county attorney refusing to exercise his or her legal obligation to represent county entities?
Please note that I have enclosed a copy of a previously issued opinion (Op. Att'y Gen. 94-067) which addresses the relevant law surrounding the prosecuting attorney's responsibility to provide civil legal services. As noted therein, there is no statutory requirement that the prosecuting attorney serve as legal counsel for either the county, generally (as to all civil matters), or the county elected officials.[1] See also Op. Att'y Gen. 97-274 (opining that there is no statutory or constitutional requirement for the prosecuting attorney to provide legal advice and representation to county administrative entities, specifically in that instance a county library system). Nor is there any constitutional requirement to this effect. The prosecuting attorney is required to represent the quorum court (A.C.A. § 14-14-902(b)(1) (1987)), unless otherwise provided by county ordinance. Id. (authorizing alternative designation of legal counsel for the quorum court). See also A.C.A. §16-21-114 (Repl. 1994) (regarding civil duties of a county attorney in those counties which have established the office of civil attorney).
I am therefore somewhat uncertain as to the statement under your first question concerning the Deputy Prosecutor's representation of "the County and . . . all County entities." It is conceivable that Phillips County has addressed this matter by ordinance. As you can see from the enclosed Opinion 94-067, I have previously noted the possibility of a quorum court, by ordinance, making it the responsibility of the prosecuting attorney to represent elected county officials. See also Opinion 97-274
(regarding county administrative entities). I have not, however, been provided with copies of any local ordinances and thus cannot further opine in the abstract on this issue.
In response to your specific question involving the permanent payment of private lawyers to represent the County and Quorum Court, the appropriation of county funds for the employment of legal counsel to serve the Quorum Court is clearly authorized under A.C.A. § 14-14-902(b). Assuming, therefore, that the Quorum Court in Phillips County has by ordinance authorized the payment of legal counsel to serve the Court, it is my opinion that such payment is statutorily permitted.
With regard to the payment of private counsel to represent the County, a conclusive response may require consideration of the particular circumstances surrounding such representation. You have not indicated, for example, whether the Quorum Court has acted under A.C.A. § 16-21-114
to select a county civil attorney. Clearly, § 16-21-114 authorizes the payment of private civil legal counsel for the county, which counsel is to perform all civil duties provided by state law or ordinance which were formerly performed by the prosecuting attorney. Id. at subsection (d). If such an office of county attorney has in fact been established (id.), then a legitimate question may arise regarding the legality of separate legal representation for the County Judge and the Quorum Court.
In response to your second question concerning the taxpayers' remedy in the event the appropriations are unlawful, I believe an illegal exaction suit could be maintained in that instance to prevent the misapplication of public funds. See generally Ark. Const. art. 16, § 13 and Starnes v.Sadler, 237 Ark. 325, 372 S.W.2d 585 (1963).
It is apparent from the foregoing discussion (response to Question 1), that the answer to your third question involving representation of county entities will depend in part upon the particular requirements of any relevant local ordinances. I thus cannot answer this question in the abstract. Certainly, in the event of a conflict of interest, recusal by the county's legal representative may be warranted. See, e.g., McCuen v.Harris, 271 Ark. 863, 611 S.W.2d 503 (1981) (acknowledging that the prosecuting attorney must be excused from representation of the quorum court where it is in an adversarial position with other county officials whom the prosecutor is also called upon to advise). I cannot speculate further, however, concerning any avoidance of a representation duty, as this would require reference to the particular facts and circumstances.
In response to your final question regarding the taxpayers' remedy for a county attorney's refusal to provide representation, it is my opinion that the remedy of a writ of mandamus may be available to command such representation, assuming that a legal obligation to represent county entities in fact exists. See A.C.A. § 16-115-101 et seq. (1987). Again, however, the success of a mandamus action would depend upon the particular facts in each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As also noted in Opinion 94-067, however, there are several specific statutes providing that the prosecuting attorney shall represent certain county officials in certain instances. Id. at n. 1, citing A.C.A. §§ 7-4-106 (board of election commissioners), 14-22-115 (county purchasing official), 26-25-105(c) (regarding certain tax matters), and26-27-318 (regarding certain tax appeals).