714

Wilbur JOHNSON *v.* STATE of Arkansas

CR 77-32 551 S.W. 2d 203

Opinion delivered May 31, 1977
(Division I)

*Bob Frazier,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of second degree murder and assessed his punishment at 21 years in the State Department of Correction. Appellant first argues, through court appointed counsel, that the court's instruction, based upon Ark. Stat. Ann. § 41-2246 (Repl. 1964), was erroneous because this statute was repealed effective January 1, 1976 by the enactment of the new Arkansas Criminal Code, Act 1975, No. 928, § 3 (Ark. Crim. Code § 41-101, et seq. [1976]). The alleged offense was committed approximately one year before the effective date of the Code. § 41-102 (3) provides that any offenses committed before the effective date of the Criminal Code are to be prosecuted under the appropriate statute or law which existed at the time of

the alleged offense. § 41-102 (5) specifically preserves any repealed statute for the purpose of authorizing prosecution of an offense which was committed when that statute existed. However, § 41-102 (4) gives a defendant, who is charged with an offense predating the Code, the option of presenting his defenses either by the Code or the pre-existing law. To do so, however, it is necessary for a defendant to file a timely motion electing to have "the construction and application of any defense to such prosecution governed by the provisions of this Code. . . . " Since no such election appears here, the pre-existing law, § 41-2246, was applicable to appellant's defenses and not the provisions of the Code.

Appellant also argues that the instruction given by the court on self-defense is insufficient to satisfy the due process requirements of the Fourteenth Amendment as delineated by *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 508 (1976). Here appellant contends that *Mullaney* dictates that the court's instruction should have required the prosecution to prove beyond a reasonable doubt the absence of circumstances of mitigation when the issue, as here, is properly presented. Appellant also offered and was refused an instruction to that effect. We cannot agree that *Mullaney* is applicable. There the issue was whether the prosecution could be relieved of proving a required element of the alleged offense. It was held that the prosecution must prove every essential element of the crime and, therefore, it was error to shift the burden to defendant to prove he was acting in the heat of passion in order to reduce the charge from murder to manslaughter. In the case at bar, the jury was instructed that the state had to prove all elements of the crime charged beyond a reasonable doubt. Therefore the prosecution was not relieved of any burden of proof and appellant had only his proper burden of proving an affirmative defense; i.e., self-defense. Where, as here, the instructions given properly placed the burden of persuasion as to an affirmative defense on appellant and left intact the state's burden of proving beyond a reasonable doubt the essential elements of the crime, the instruction is not erroneous. *Hulsey* v. *State,* 261 Ark. 449, 549 S.W. 2d 73 (1977).

Affirmed.

716

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.