## Manuel STAFFORD v. CITY OF HOT SPRINGS, ACCIDENT REVIEW COMMITTEE and CIVIL SERVICE COMMISSION

82-127                                    637 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Dan McGraw,* for appellant.

*Curtis L. Ridgeway,* for appellees.

STEELE HAYS, Justice. Appellant, a Hot Springs fireman, was involved in an accident with another vehicle during an emergency run of the city fire truck. Over appellant's insistence that he was driving with due care, an Accident Review Committee found the collision was preventable, his speed being excessive for prevailing conditions. The committee assessed three penalty points against appellant under an Accident Review Point System and when he appealed the committee declined to reconsider its ruling.

Told that no further appeal rights were available, appellant filed suit in the Garland Circuit Court against the Accident Review Committee and the Civil Service Commission of Hot Springs, asking the court to order the commission to hear the appeal or, alternatively, to review and reverse the decision of the committee pursuant to the Arkansas Administrative Procedure Act, Ark. Stat. Ann. § 5-701 through 714.

The Circuit Court found it had no jurisdiction and granted defendants' motion to dismiss pursuant to ARCP Rule 12 (b) (6), a failure to state facts upon which relief could be granted, and appellant has appealed. Our jurisdiction is

invoked under Rule 29 (1) (f). We believe the trial court was correct and we affirm.

For reversal, appellant relies on Title 19, Chapter 16, Arkansas Statutes Annotated (Repl. 1980), entitled "Civil Service for Police and Fire Departments," which covers appellant. Section 19-1605.1 provides that no civil service employee shall be discharged or reduced in rank or compensation without his being notified in writing and given the opportunity to request a trial before the Civil Service Commission on the alleged grounds for discharge.

Appellant concedes he was neither discharged, suspended or reduced in rank or compensation, but, he argues, the three penalty points wrongly assessed against him have increased his susceptibility to those sanctions. He points out that the Accident Review Point System provides that his privilege to drive a fire truck is subject to three months' suspension upon an accumulation of 12 points, 6 months' suspension upon an accumulation of 18 points, and a one year suspension for 24 points and that termination, transfer or demotion may result if suspension under the point system prevents him from performing the primary job he was employed to do, i.e. drive a fire truck.

We agree with appellant that it is possible for an accumulation of points to result in the equivalent of a discharge or reduction in rank or compensation, but we do not agree that simply because three penalty points have been assessed he can demand a trial before the commission. Section 19-1605.1 limits the right to a trial to threatened discharge or reduction in rank or compensation and nothing in Title 19 suggests the Legislature intended the Civil Service Commission, in addition to the other duties imposed, must also hear minor employee grievances. The argument that an accumulation of additional points could subject him to a reduction in rank or compensation is theoretical, and we do not render advisory opinions. See *McCuen* v. *Harris*, 271 Ark. 863, 611 S.W.2d 503 (1981). If additional points, sufficient to impose discharge or reduction, are assessed in the future (and are not abated upon six months driving free of accidents or violations, as provided in

Section IV (A) of the Accident Review Point System) then appellant will be eligible for a trial under § 19-1605.1, in effect an appeal, and free to challenge any accumulated penalty points which he believes were wrongly imposed.

Appellant does not specifically rely on the Administrative Procedure Act on appeal, as he did before the trial court, but he does draw on language from the act, alleging that an inability to appeal the points imposed injures him in his business or property. But we have recently held the Administrative Procedure Act does not afford judicial review of the discharge of employees, as those determinations are administrative rather than adjudicatory. *Arkansas Livestock and Poultry Commission* v. *House,* 276 Ark. 326, 634 S.W.2d 388 (1982).

The order of dismissal is affirmed.