Charles SMITH *v.* STATE of Arkansas

CR 83-22 ___ S.W.2d ___

Supreme Court of Arkansas
Opinion delivered February 28, 1983
[Rehearing denied April 4, 1983.]

*R. L. Walloch,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with possession of seven pounds of marihuana with intent to deliver, was convicted by a jury and sentenced to a six-year prison term and a $1,000 fine. The Court of Appeals transferred the case to us under Rule 29 (4) (b).

While the case was pending in that court, the appellant's attorney filed a brief without a proper abstract of the testimony. When the Attorney General called attention to the deficiencies, the Court of Appeals correctly gave effect to Rule 9 (e) (2) by denying appellant's motion to be allowed to file a *supplemental* abstract and brief, but permitting counsel to file a *substituted* abstract and brief. Counsel, however, disregarded the plain language of both the rule and the order by filing a mere supplemental abstract and brief. The rule does not contemplate that anything less than a complete, substituted abstract and brief may be filed in the

circumstances, so we must treat the supplemental abstract and brief as the appellant's only one in the case. When, as here, an appellant's abstract is deficient, our practice is to rely on the record if it shows that the trial court's decision should be affirmed on a particular point, but not to explore the record for prejudicial error if none is shown by the abstract.

On September 14, 1981, Kirk Hicks was a Van Buren county deputy sheriff and also a police officer employed by the city of Damascus. That night he stopped the appellant's car because it had no taillights. The officer, having some reason to suspect that the appellant or his companion had unlawfully killed a deer, searched the trunk of the car and found not a deer but seven pounds of marihuana. After the trial counsel filed a motion for new trial on the ground that Hicks was not a certified law enforcement officer, so that the arrest and search were illegal. The denial of that motion is the first ground for reversal.

No reversible error is shown. Act 452 of 1975, as amended, provides for the certification of law enforcement officers and recites that official action taken by an uncertified officer is invalid. Ark. Stat. Ann. § 42-1007 (Supp. 1981) and § 42-1009 (Repl. 1977). Section 42-1007 also provides, however, that full-time officers serving on the effective date of the act may continue in their employment. Officer Hicks had been a police officer for some years before the passage of the 1975 act and was therefore exempted by its "grandfather clause." It is not clear that he lost his status by moving from Stone county to Damascus and continuing in police work there. See § 42-1007. In any event, all the facts were available to counsel before the trial; so the motion for new trial was not supported by the necessary showing of diligence. *Newberry* v. *State*, 262 Ark. 334, 557 S.W.2d 864 (1977).

A second argument is that the trial judge should not have answered the jury's inquiry, during their deliberations, about parole eligibility for a person sentenced to one year in jail. Defense counsel, however, agreed in response to a question by the trial judge that information about "the

parole situation" could be given to the jury. That distinguishes this case from our holding in *Andrews* v. *State*, 251 Ark. 279, 472 S.W.2d 86 (1971), for counsel cannot consent that the trial judge take some action and then seek a reversal on the basis of that action. *Clack* v. *State*, 213 Ark. 652, 212 S.W.2d 20 (1948).

A third argument is that the appellant did not voluntarily consent to the search of the trunk of his car. The substituted abstract of the testimony at the suppression hearing does not show that the consent was not voluntary. It is also argued that the trial judge was wrong in ruling that if the defendant took the witness stand at the suppression hearing he could not limit his testimony to the issue of whether or not his consent was given. Even so, there was no proffer of what the defendant's testimony would have been; so we have no way of knowing whether he would have testified to facts rebutting his asserted consent to search. *Barnes* v. *Young*, 238 Ark. 484, 382 S.W.2d 580 (1964).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree for two reasons. First, it was reversible error for the trial court to rule that if appellant took the stand at the Denno hearing he had no right to refuse to testify on any matter the state chose to inquire about. Second, it was prejudicial error to allow the jury to receive evidence of parole eligibility, which in all probability was wrong anyway.

The Denno hearing was conducted to determine whether appellant had given a valid consent to search the trunk of his automobile. The officer was told by appellant that he did not want his vehicle searched. No doubt the presence of the purported deputy sheriff with his pistol at his side influenced appellant to change his mind and consent to the search. I am not so naive as to believe the appellant simply changed his mind and agreed to incriminate himself for the convenience of the purported officer. Consent to an invasion of privacy must be proven by clear and positive testimony and this

burden is not met by showing acquiescence. *Meadows* v. *State*, 269 Ark. 380, 602 S.W.2d 636 (1980). *Rodriquez* v. *State*, 262 Ark. 659, 559 S.W.2d 925 (1978). Had the trial court not ruled the appellant could not testify without waiving his immunity the preponderance of the testimony would have, no doubt, revealed that the state did not meet the burden required to validate an otherwise illegal search. The court stated at the Denno hearing: ". . . once he takes the stand, he does not have the right to not answer . . . if you put him on, the state can ask him whatever they want to ask him." This is plainly a misstatement of the law. I further think that the acting deputy sheriff had no idea what was in the trunk of this vehicle but merely wanted to look around to see what he could find, as is the case so often when officers are permitted to make seizures without probable cause, or warrant, as required under the Fourth Amendment.

Next, even if appellant's attorney agreed to the court's improper comment on the parole system it was the duty of the court not to do so. The matter never should have reached the point where appellant's counsel consented to it. In *Andrews* v. *State*, 251 Ark. 279, 472 S.W.2d 86 (1971) we had before us a case where the court made a similar improper statement to the jury and there we stated:

> Accordingly, we have concluded that this information should not be given the jury, and when asked for such information, the court should reply, in effect, that it is improper for the court to answer the inquiry, and an answer might well constitute reversible error; that the jury need not concern itself with the matter; that the control of the parol system is committed by law to the legislative and executive branches of the government, and, that the jury, in reaching a verdict of guilty, has only the duty of imposing such punishment as may be considered, under the court's previous instructions, to be appropriate.

It is likely that the statement to the jury was incorrect anyway as to the amount of time the appellant would have to serve before becoming eligible for parole. Any explanation of the parole system to a jury is improper, but incorrect

information compounds the error. Therefore, I would reverse and remand for a new trial after the evidence obtained by the illegal search is suppressed.

Affirmed.