Don W. ALLEN et al *v.* Gene TITSWORTH et al

82-293                                              649 S.W.2d185

Supreme Court of Arkansas
Opinion delivered April 25, 1983

*Phillip B. Boudreaux,* for appellants.

*Orvin W. Foster,* for appellees.

ROBERT H. DUDLEY, Justice. In 1980 the City of Mena employed appellant, Don W. Allen, as Chief of Police. He continues to serve in that capacity but, from January 25, 1981 until February 8, 1982, he was not certified as a law enforcement officer. Appellee, Gene Titsworth, filed a class action on behalf of all taxpayers residing in Mena praying that all official acts of appellant as police chief during the period of non-certification be invalidated and that appellant be ordered to refund all compensation paid to him during the period. The chancellor ruled that all actions taken during the period were invalid but that a refund of the compensation received during the period was not required. Both parties appeal. We dismiss on direct appeal and affirm on cross-appeal. Jurisdiction is in this Court as this case involves the interpretation of the statute on certification of law enforcement offices. Rule 29 (1) (c).

Title 42, Chapter 10 of the Arkansas Statutes Annotated provides a system and a program for the training and certification of law enforcement officers within the State. An appointed chief of police is a law enforcement officer, within the statutory definition, because he "is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic or highway laws of this State . . . ." Ark. Stat. Ann. § 42-1001 (a) (Repl. 1977). Thus, it was necessary for appellant to be certified in order for him to validly act as a law enforcement officer. Appellant failed to obtain certification for the period of time at issue. Ark. Stat. Ann. § 42-1009 (Repl. 1977) provides that one who is not certified "shall not take any official action as a police officer and any action taken shall be held as invalid." Appellant does not contest that part of the trial court's decree which invalidates all actions taken by him as a law enforcement officer during the period of non-certification. Rather, he argues that the certification statutes should not apply to

non-law enforcement administrative acts as distinguished from law enforcement administrative acts. We do not reach the point because the evidence offered below is not sufficient to make the suggested distinction a justiciable issue. We are asked to issue an advisory opinion to decide an academic issue. This is contrary to our practice. *Stafford* v. *City of Hot Springs*, 276 Ark. 466, 637 S.W.2d 553 (1982). Therefore, we dismiss the direct appeal. Similarly, in the court below there was no real controversy concerning any designated act, there was no standing to directly question a specific action and the trial court did not invalidate any particular act. While that part of the trial court's decree invalidating all law enforcement actions is not on appeal, we note that it is in the nature of advice and does not have the force, effect and binding nature of a judicial decision which resolves an actual controversy between parties. *McCuen* v. *Harris,* 271 Ark. 863, 611 S.W.2d 503 (1981).

On cross-appeal Gene Titsworth argues that the trial court erred by not requiring cross-appellee Don Allen to refund all compensation paid to him during the period of non-certification. We find no merit in the contention. Cross-appellee was validly employed, his salary was reasonble and he acted in good faith. Under these circumstances the city should not be given a windfall profit. *Martindale* v. *Honey,* 261 Ark. 708, 551 S.W.2d 203 (1977).

Dismissed on direct appeal and affirmed on cross-appeal.