James WINEMAN *v.* Ronald Gene BREWER and Vickie Stamps BREWER

83-146                                          660 S.W.2d 655

Supreme Court of Arkansas
Opinion delivered November 7, 1983

*Wayne Dunn,* for appellant.

*Dale Varner,* for appellees.

ROBERT H. DUDLEY, Justice. Appellant James Wineman and Patsy Ann Johnson cohabited from January of 1980 until July 7, 1982. On November 7, 1980, they had a child. Appellant, Patsy, and the child lived together until July 7, 1982, when Patsy left. Nine days later Patsy was awarded temporary custody by the Benton County Court, which ruled that Wineman had neither married Patsy nor established paternity. On August 7, 1982, Patsy gave custody of the child to appellees who, on September 23, 1982, filed a petition for adoption. Four days later, Patsy filed a consent, waiver of notice, and entry of appearance. On October 13, 1982, an interlocutory decree of adoption was entered, setting February 10, 1983, as the date the interlocutory decree would become final. On February 7, 1983, only three days before the decree became final, appellant petitioned to

vacate the interlocutory decree and objected to the petition for adoption, alleging the unconstitutionality of §§ 6 and 7 of the Revised Uniform Adoption Act [Ark. Stat. Ann. §§ 56-206, 56-207 (Supp. 1983)], as it applies to putative fathers. The probate court allowed appellant to intervene and to enter his appearance the same as any other biological parent. As a result, the probate judge ruled that the constitutional issues were moot and the adoption case was tried on its merits. The probate judge granted the adoption. We affirm. Jurisdiction is in this Court pursuant to Rule 29 (1) (c).

Appellant has no standing to question the constitutionality of the statute since it was not applied to him in a discriminatory manner. He was given the same consideration afforded a mother who does not have custody. We do not reach the merits of his constitutional argument. A party may not obtain a decision on the validity of a statute on the ground that it impairs the rights of others. *Lienhart* v. *Bruton*, 207 Ark. 536, 181 S.W.2d 468 (1944). In this instance, any decision on the constitutionality of these sections would be merely advisory. *Allen* v. *Titsworth*, 279 Ark. 138, 649 S.W.2d 185 (1983).

On the merits of the adoption case, appellant contends that he was not given notice of the petition for termination of parental rights as required by Ark. Stat. Ann. § 56-220 (f) (Supp. 1983). This argument is without merit as the section applied, § 56-220 (c), does not require a separate petition for termination of parental rights but allows the parental relationship to be terminated by a court order in connection with an adoption proceeding if the requisite grounds are satisfied. In addition, he entered his appearance. *See Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979).

Appellant next argues the probate judge erred in applying Ark. Stat. Ann. § 56-220 (c) (3) (Supp. 1983), which provides for the relinquishment of the rights of a parent and the termination of the parent and child relationship under certain circumstances. It provides "the relationship of parent and child may be terminated by a court order issued in connection with an adoption proceeding . . . on the ground . . . that *in the case of a parent not having custody of a minor,*

his consent is being unreasonably withheld contrary to the best interest of the minor." (Emphasis supplied.) Appellant contends that, having surrendered his child pursuant to a court order rather than voluntarily, it would be unconscionable to consider him a parent not having custody within the meaning of this section. Appellant cites no authority and we decline to adopt his view of the statute. It is a common occurrence for one parent to be without custody as a result of a court order granting custody to the other. The General Assembly could have provided the section would apply only to parents who are voluntarily without custody but chose the plain language "in the case of a parent not having custody of a minor." The note of the original drafters of the act, the National Conference of Commissioners on Uniform State Laws, reflects that the construction urged by appellant was not contemplated by the drafters. It provides:

> The final ground listed in subsection (c) concerns unreasonable withholding of consent to adoption. It can be used in a case where a step-parent and the mother are in custody of the child and the natural father refuses to give consent and withholding of consent is found by the court to be contrary to the best interests of the child. It cannot be used, however, to excuse the absence of consent of a parent who is in legal control of his child or who has custody of the child.

Uniform Adoption Act (U.L.A.) § 19.

Appellant's last argument is that the probate judge's finding that he unreasonably withheld his consent contrary to the child's best interest is unsupported by the evidence. However, we note the extensive findings of fact supporting his decision, including references to appellant's employment history, his struggles with alcohol, his living arrangement at the time of the hearing, and the fact that the child's mother had already consented to the adoption. In light of these findings, we cannot say the probate judge was clearly erroneous. ARCP Rule 52, Ark. Stat. Ann. Vol. 3A (Repl. 1979); *Loveless* v. *May,* 278 Ark. 127, 644 S.W.2d 261 (1983).

Affirmed.