John Bynum, Esquire Prosecuting Attorney P.O. Box 1587 Russellville, Arkansas 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on the following question:
 Must a "part-time law enforcement officer" as defined in Ark. Stat. Ann. Sec. 42-1401(e) be completely certified by the Commission before undertaking any sort of action normally associated with regular officers such as effecting arrests, serving process, issuing citations, etc., or is he entitled to perform those functions without certification during the one year "probationary" period provided for in sec. 42-1007(a)? In other words, do you perceive a distinction between an "auxiliary law enforcement officer" as defined in sec. 42-1201(b) who must clearly be fully certified prior to taking any official action, and part-time officer?
As noted in my July 21, 1987 correspondence, selection and training requirements for part-time officers are addressed in Ark. Stat. Ann. 42-1001 et seq. (Cum. Supp. 1985). 42-1007 states in pertinent part as follows:
 42-1007(a) At the earliest practicable time, the Executive Commission shall provide, by regulation, that no person shall be appointed as a law enforcement officer, except on a temporary basis not to exceed one [1] year, unless such person has satisfactorily completed a preparatory program of police training at a school approved by the Executive Commission. (Emphasis added.)
Ark. Stat. Ann. 42-1401 et seq. (Cum. Supp. 1985) deals specifically with the appointment and training of auxiliary law enforcement officers. 42-1404(a) provides:
 No person shall be appointed as an auxiliary law enforcement officer until the minimum standards for appointment and training requirements have been completed. Any auxiliary law enforcement officer who has not met these requirements shall have no law enforcement authority except that which is authorized for a private citizen.
The language of these provisions indicates that the General Assembly has made a distinction between part-time and auxiliary officers with respect to their appointment as such prior to meeting training requirements. It is clear under 42-1404(a) that no one may be appointed as an auxiliary officer until the requirements are met, whereas 42-1007(a) authorizes the appointment of a "law enforcement officer," which would include a part-time officer, on a one (1) year temporary basis.
42-1404(a) is clear, moreover, in proscribing official action by auxiliary officers until the established training requirements have been met. It may be reasonable to conclude, however, with respect to part-time officers that they may serve and take official action during the one (1) year temporary or probationary employment period established under 42-1007(a). The reference in 42-1404(a) to the auxiliary officer's lack of authority is notably absent in 42-1007(a). 42-1009(a) does provide that "a person who does not meet the standards and qualifications set forth in Act 452 . . . . or any made by the Executive Commission shall not take any official action as a police officer and any action taken shall be held as invalid." Yet this provision may reasonably be construed to refer to action taken after the expiration of the probationary period. The "standards and qualifications" referenced in 42-1009(a) arguably encompass the one (1) year period during which the officer must complete the established training program. He has in fact met the "standards and qualifications" throughout if he completes the program during the specified time, beyond which his "temporary employment" shall not be extended, in accordance with 42-1007(a). This construction would also give effect to the provisions authorizing appointment on a temporary basis. 42-1007(a) would arguably be rendered meaningless if the officer subject thereto were precluded from acting as such during the period of this "temporary of probationary employment." And it has been clearly stated that a statutory provisions will be construed so as to enable it to be effective. Town of Wrightsville v. Walton, 255 Ark. 523, 501 S.W.2d 241 (1973).
The question of a part-time officer's authority during the one (1) year probationary period has not been specifically addressed by an Arkansas court. While it is my opinion, therefore, that the foregoing conclusions are reasonable, it is impossible to state with certainty that a court faced with this question would concur. Several cases should additionally be noted wherein the Supreme Court, albeit in dicta, referred to the certification requirement. In Allen v. Titsworth, 279 Ark. 138, 649 S.W.2d 185 (1983), the Court reviewed a Chancellor's decree which included the invalidation of all actions taken by a chief of police during the period of non-certification. The officer failed to obtain certification from January 25, 1981 until February 8, 1982. The Court noted that "it was necessary for appellant to be certified in order for him to validly act as a law enforcement officer. appellant failed to obtain certification for the period of time at issue." 279 Ark. at 139. It is unclear whether this statement would apply if the officer had obtained certification during the requisite period. Nor was that part of the decree invalidating the officer's actions raised on appeal. The Supreme Court specifically noted that this part of the decree "is in the nature of advice and does not have the force, effect and binding nature of a judicial decision. . . ." 279 Ark. at 140.
42-1007 and 42-1009 were also cited in Smith v. State, 278 Ark. 462,648 S.W.2d 792 (1983) wherein the Supreme Court noted that "Act 452 of 1975, as amended, provides for the certification of law enforcement officers and recites that official action taken be an uncertified officer is invalid." 278 Ark. at 464. Again, however, the Court was not called upon to assess the validity of action taken by an officer who subsequently obtained certification before the expiration of his "probationary" or "temporary" employment.
While these cases should, therefore, be considered since they deal generally with the certification requirement, they may be factually distinguishable and do not appear to specifically address the question posed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.