George WILLIAMS, Chairman, Fayetteville Civil Service
Commission *v.* Dennis E. TAYLOR

92-426                                    841 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered November 16, 1992

*Jones & Reynolds*, by: *Terry D. Jones*, for appellant.

*Mashburn & Taylor*, by: *Lindlee Baker Norvell*, for
appellee.

ROBERT H. DUDLEY, Justice. The Washington County
Circuit Court issued a writ of mandamus ordering the Fayette-
ville Civil Service Commission to hold a hearing as required by its
own rules. The Commission appeals. We affirm the trial court's
issuance of the writ.

Fayetteville police officer Dennis Taylor received a written
reprimand from the Chief of Police for violating the city's policy
against smoking while on duty. Taylor gave notice of appeal and

requested a hearing by the Civil Service Commission. The Commission refused to hear the matter. Taylor requested a hearing from the City Manager, who is designated as the arbitrator of disputes involving the smoking policy as set out in Fayetteville's Clean Air/Smoking Policy, GA-2.1 (c). The City Manager agreed to an informal discussion, but noted that the city's personnel policy provided that civil service procedures superseded the personnel policy. Taylor then filed the petition for a writ of mandamus asking that the Commission be ordered to hear his grievance. The trial court issued the writ.

■ The Commission first argues that under our holding in *Stafford* v. *City of Hot Springs*, 276 Ark. 466, 637 S.W.2d 553 (1982), the trial court erred in issuing the writ. In that case a firefighter requested that the city civil service commission hear his appeal pursuant to the statute now codified as Ark. Code Ann. § 14-51-308 (Supp. 1991). We held that the statute provided for an appeal in the case of suspension, discharge, reduction in rank, or reduction in compensation, but that it did not provide for an appeal for a grievance such as penalty points imposed upon a firefighter for having an accident while driving a fire truck. However, a statute that was not applicable to the facts in *Stafford* provides that a city civil service commission may adopt rules and regulations governing its fire and police departments, and such rules "shall have the same force and effect of law." Ark. Code Ann. § 14-51-301(a)(2) (Supp. 1991). In this case, unlike *Stafford*, the Fayetteville Civil Service Commission has adopted rules and regulations. Commission Rule 5.07 provides:

> Any member of the respective departments or any applicant for appointment who has any grievance relating to the matters covered by these rules may present such grievance in writing to the Commission within fifteen days of the date on which the alleged grounds for the grievance arose and request a hearing thereon. The Commission *shall* hold a hearing on such grievance as soon as possible. [Emphasis supplied.]

■ The rule states that the Commission *shall* hold a hearing for a police officer who has *any* grievance relating to the matters covered by the rules. Thus, the Commission by its own rules was required to hold a hearing.

■ The Commission next argues that the trial court's ruling was in error because its rule requires the Commission to interfere with the day-to-day operations of the police department, and Ark. Code Ann. § 14-51-212 (Supp. 1991) prohibits civil service commissions from interfering with the daily operations of a police or fire department. In a comparable case, we held that the express purpose of the statutes authorizing the establishment of city civil service commissions is to review the employment, discharge, and discipline proceedings of the city fire and police departments, and, therefore, such a review should not be construed as the kind of "interference with the day-to-day management or operation of a fire or police department" that is prohibited by the same statute. *Tovey* v. *City of Jacksonville*, 305 Ark. 401, 808 S.W.2d 740 (1991). Likewise, in the case at bar, the Commission's rule requiring a grievance hearing for violating the city's policy does not constitute interference in the daily operations of the police department, and the trial court did not err in ordering the Commission to follow its own rule.

Affirmed.