The Honorable Ann Bush State Representative P.O. Box 246 Blytheville, Arkansas 72316-0246
Dear Representative Bush:
This is in response to your request for an opinion, on behalf of the Blytheville Fire Department, concerning the right of a firefighter to a trial before the civil service commission where he or she has been suspended from the department without pay. Specifically, the following example and questions are posed in light of A.C.A. 14-51-308 (b)(1) (Cum. Supp. 1993):
 The fire chief suspends a firefighter without pay for department violations. The firefighter appeals the decision to the civil service commission for a review. The commission reviews the suspension and upholds the Chief's decision. The point that is not clear is after the Commission upholds the decision, does the firefighter have the right to a trial before the same Commission as in the case of a discharge? If not does he or she have the right to appeal the decision to a higher court?
It is my opinion that the statute at issue, A.C.A. 14-51-308, is ambiguous on this point, but in my opinion, in light of the language of the statute, and the language of two Arkansas Supreme Court cases, this statute does grant the right to a trial or "appeal" to the civil service commission in the case of a suspension.
The statute provides in pertinent part as follows:
 (a)(1) No civil service employees shall be discharged or reduced in rank or compensation without being notified in writing of the discharge and its cause.
 (2) In case of suspension, discharge, or reduction, the affected or accused person shall have written notice of the action at the time action is taken.
 (b)(1) Within ten (10) days after the notice in writing is served upon the officer, private, or employee, he may, if he so desires, request a trial before the commission on the charges alleged as the ground for discharge.
 (2)(A) In the event a request for trial is made, the commission shall fix a date for the trial not more than fifteen (15) days after request therefor is made.
 (B) If the request for trial is not made within ten (10) days from the date of service of notice of discharge, the discharge shall become final and no trial shall be granted thereafter. [Emphasis added.]
The final portion of the statute, after setting out the procedures to be employed at the trial and the rights to appeal the decision to the circuit court and Arkansas Supreme Court, states that:
 (f) In the event that it is finally determined that there was a wrongful suspension, discharge, or reduction in rank of any employee, the employee shall be entitled to judgment against the city for whatever loss he may have sustained by reason of his suspension, discharge, or demotion. . . . [Emphasis added].
Some of the subsections above refer to each discharge, reduction in rank or compensation and/or to suspensions. See, e.g., A.C.A. 14-51-308(a)(1), (a)(2) and (f) above. Others refer exclusively to "discharge." See A.C.A. 14-51-308 (b)(1) and (b)(2)(B). It is my opinion, however, because the entire subsection deals with the same subject (a right to an appeal or a "trial" of civil service employees), that the legislative intent was not to restrict the right to a trial (granted in subsection (b)(1)) exclusively to discharges. For example, in subsection (a)(1), in the same sentence, the legislature uses the term "discharge" to refer back to either a discharge, or reduction in rank or compensation. Additionally, in subsection (f), the legislature refers to a final determination as to legality of any suspension, clearly contemplating that such suspensions will be resolved through the appeal process set out in that subsection.
This conclusion is supported by language of the Arkansas Supreme Court. In Williams v. Taylor, 311 Ark. 94, 841 S.W.2d 618
(1992), the court, in characterizing an earlier decision, stated that "[w]e held [there] that [A.C.A. 14-51-308] provided for an appeal in the case of suspension, discharge, reduction in rank, or reduction in compensation. . . ." Emphasis added. The earlier case was Stafford v. City of Hot Springs,276 Ark. 466, 637 S.W.2d 553 (1982), and there the court characterized the "trial" as "in effect an appeal." It can therefore be concluded that the court in Williams recognized the right to a trial before the civil service commission in the case of a suspension.
I should note as a final matter, that the above conclusions are based upon state law as it currently exists, and local civil services commissions are bound by the these state statutes in the exercise of their duties. It is possible, however, that local civil service rules and regulations may grant more expansive rights to trial. See, e.g., Williams, supra. (section 14-51-308 did not require trial for written reprimand, but local civil service rule did.) Reference to any local civil service rules would therefore have to be had in order to determine the precise rights to a trial in any particular jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh