Judy BRISCOE *v.* STATE of Arkansas, Arkansas
Department of Human Services

95-524                                        912 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Mary M. Rawlins*, for appellant.

*Deborah Cooksey Avillion*, for appellee.

DAVID NEWBERN, Justice. Judy Briscoe is the mother of John W. Briscoe who was born in 1986. Ms. Briscoe appeals from a decision terminating her parental rights with respect to her son. She argues the Trial Court erred by failing to notify her of her right to representation by an attorney and by failing to provide an attorney upon her request to be represented. We agree it was error for the Trial Court to have failed to honor Ms. Briscoe's request for an attorney at one of the several review hearings, but we affirm the decision because she was represented by counsel in the hearing which resulted in the decision now on appeal.

The case originated in June 1991 when John Briscoe was taken to a hospital with a laceration and puncture wounds. He reported that his mother had pushed him, causing him to fall and sustain the injuries. The Department of Human Services (DHS) obtained an order for emergency custody based on its allegation that John was a dependent-neglected child. *See* Ark. Code Ann. § 9-27-303(12) (Supp. 1995). Thus began a long series of hearings and reviews with the development by DHS of a case plan, the object of which was to reunify John and his mother while custody remained with DHS and John was placed in foster care.

John's father, Tyrone Briscoe, lived apart from the family and played a part in the proceedings but ultimately conceded

that he was not capable of caring for his son and consented to the termination of his parental rights. The Briscoes were divorced prior to the termination hearing, and Tyrone Briscoe is not a party to this appeal.

The original emergency custody order which named Judy and Tyrone Briscoe as defendants specified that they had the "right and opportunity to obtain legal counsel" and that a request could be made to the Court to appoint legal counsel "if indigent." The Briscoes were represented at the outset by an attorney who appeared on their behalf through the issuance of a review hearing order dated October 14, 1991. The attorney thereafter asked to be relieved of representation because of a conflict which had arisen between the Briscoes. He was relieved by the Court in December 1991.

The case proceeded as a dependency-neglect matter. The Briscoes were allowed supervised visitation. At a hearing held in September, 1992, there was testimony from the DHS family services worker assigned to the case that in his opinion Ms. Briscoe would not be able to care for John despite the efforts being made through counseling and parenting skills education. Ms. Briscoe was asked if she wished to testify, and she replied, "I'd like to have an attorney." She confirmed that she did not want to testify, but she was put on the witness stand and questioned by counsel for DHS. The social services worker, through testimony, asked the Court to be allowed to change the case plan to one seeking guardianship of John with a termination-of-parental-rights hearing as the final object. The Court agreed.

Review hearings continued through 1993 and 1994, and Ms. Briscoe appeared at them without an attorney. There was testimony about attempts by DHS to counsel both Mr. and Ms. Briscoe as well as reports on John who was making slow progress, through medication and counseling, toward overcoming serious behavior problems resulting from his hyperactivity and attention deficit symptoms. Evidence developed that, despite her refusal to acknowledge it, Ms. Briscoe had at least five other children who were in the custody of the Texas counterpart of DHS.

A termination hearing began in December 1994 but was stopped when the Court realized that Ms. Briscoe was with-

out counsel. The hearing was rescheduled for January 1995 with counsel appointed for Ms. Briscoe. At this final hearing, all the evidence, beginning with the 1991 incident, was presented. Arkansas Code Ann. § 9-27-316 (Repl. 1993) provides in part:

> (f)(1) In all proceedings to terminate parental rights or remove custody of a juvenile from a parent or guardian, the parent or guardian shall be advised at his first appearance before the court of the right to be represented by counsel at all stages of the proceedings and the right to appointed counsel if indigent.
>
> (2) Upon request by a parent or guardian and a determination by the court of indigency, the court shall appoint counsel, and if an attorney other than the public defender is appointed, the court shall award a fee and costs from the Juvenile Court Representation Fund in an amount not to exceed the amounts provided by law for appointment of counsel for indigent defendants in criminal cases.
>
> * * *
>
> (h) Appointment of counsel shall be made at a time sufficiently in advance of the court appearance to allow adequate preparation by appointed counsel and adequate consultation between the appointed counsel and the client.

The proceedings began as proceedings to "remove custody," and the hearings had to do with whether Ms. Briscoe should remain without custody of her son. We have no doubt the statute applied, and Ms. Briscoe was entitled to notice of her right to counsel. The record does not show that Ms. Briscoe was advised at the "first appearance" of her right to counsel other than through the emergency order of which she may or may not have been aware, but the notice point is moot due to the fact that she appeared with counsel at the first two hearings.

Of far greater concern is the Trial Court's allowing a hearing to proceed and holding later ones after Ms. Briscoe had asked to have an attorney represent her. The statutory provision of the right to an attorney, and to the appointment of one for an indigent person, is obviously mandatory. It was error to allow the hearing at which she asked for an attorney to proceed and to require Ms. Briscoe to testify absent representation. We con-

clude, however, that the error was harmless.

The final termination hearing aired all the evidence which had been presented in the earlier dependency-neglect hearings and the hearings leading up to the termination. Ms. Briscoe was represented in the termination hearing and given an opportunity to challenge the evidence against her and to present evidence on her own behalf with the full assistance of counsel. Her counsel had an opportunity at the final hearing to challenge any of the evidence against Ms. Briscoe and to present any evidence she might not have thought to present in previous hearings when she was not represented.

We emphasize that the statutory requirement that counsel be provided when the issue is termination of parental rights is mandatory. We decline to reverse only because we conclude that, in the limited circumstances of this case, the error of failing to provide counsel in earlier hearings was cured by the provision of counsel in the final hearing in which the entire case against Ms. Briscoe was presented.

Affirmed.