Donna S. *v.* ARKANSAS DEPARTMENT OF
HUMAN SERVICES

CA 97-705                                              966 S.W.2d 919

Court of Appeals of Arkansas
Division IV
Opinion delivered April 15, 1998

*Suzanne Penn*, for appellant.

*Ed Wallen*, for appellee Arkansas Department of Human Services.

*Merry Alice Bost Hesselbein*, Guardian Ad Litem, for appellee juveniles.

JOHN MAUZY PITTMAN, Judge. The appellant is the mother of Darrell and Everett. Darrell, who is now five years old, suffers

from emotional and behavioral disorders; Everett, who is three years old, has serious health problems that require special care. On March 14, 1995, the appellee filed a petition alleging that both boys were dependent-neglected. After an adjudication hearing, an agreed order finding the children to be dependent-neglected was entered and the children were removed from appellant's custody. After several unsuccessful attempts to rectify the conditions causing removal, appellee filed a petition to terminate parental rights. After a hearing, the trial court entered an order terminating appellant's parental rights on March 10, 1997. From that decision, comes this appeal.

For reversal, appellant contends that the evidence was insufficient to support the trial court's findings that appellant had not remedied the conditions that caused removal; that appellee made a meaningful effort to rehabilitate the home and correct the conditions that caused removal; that termination of parental rights was in the best interest of the children; and that appellee had an appropriate placement plan for the children. In addition, appellant contends that Ark. Code Ann. § 9-27-341(b)(2)(E) creates an unconstitutional presumption that the mentally ill have the inability to rehabilitate their circumstances. We affirm.

The trial court based the termination of appellant's parental rights on Ark. Code Ann. § 9-27-341 (Supp. 1995), which provides, in pertinent part, that:

> (b) The court may consider a petition to terminate parental rights if it finds that the Department of Human Services has physical or legal custody of the juvenile and the parent or parents, or putative parent, if the putative parent can be identified, have received actual or constructive notice of the hearing to terminate parental rights. An order forever terminating parental rights shall be based upon a finding by clear and convincing evidence:
>
> > (1) That it is in the best interest of the juvenile;
> >
> > (2) Of one or more of the following grounds:
> >
> > > (A) That a juvenile has been adjudicated by the court to be dependent-neglected and has continued out of the home for twelve (12) months, and, despite a meaningful effort by the Department of Human Services to rehabilitate the home and

correct the conditions which caused removal, those conditions have not been remedied by the parent. It is not necessary that the twelve-month period referenced in this subdivision (b)(2)(A) immediately precede the filing of the petition for termination of parental rights, or that it be for twelve (12) consecutive months . . . .

We first address appellant's contention that the evidence was insufficient to support the trial court's findings that appellant had not remedied the conditions that caused removal; that appellee made a meaningful effort to rehabilitate the home and correct the conditions which caused removal; that termination of parental rights was in the best interest of the children; and that appellee had an appropriate placement plan for the children.

The record shows that Darrell and Everett were initially removed from appellant's home because appellant was not giving Everett necessary medical care and because her home was filthy, mildewed, and unsafe. Appellant was ordered to attend parenting classes and medical appointments; ADHS was to provide transportation to and from the appointments and assist appellant to find adequate housing. Although ADHS did provide housing assistance, transportation, homemaker services, and referral to parenting classes, appellant failed to attend required therapy sessions with Darrell, and her living conditions remained deplorable so as to cause a Family Service Worker who visited the residence to become physically ill. Furthermore, the unsanitary living conditions were extremely detrimental to Everett, who suffers from sickle-cell anemia and who will consequently forever be at risk for life-threatening infection. Everett also suffers from an eating disorder and must be fed by means of an apparatus which must be kept clean. Darrell has a psychological disorder for which he is required to attend therapy, but appellant missed therapy sessions for him while he was in her custody. There was evidence that appellant has a low level of intellectual functioning with an I.Q. of 74 but is not mentally retarded. There was also evidence that, although she was capable of meeting the children's needs, she was resistant to attempts to teach her to do so through services provided by ADHS, such as parenting classes, housekeeping services, and counselling. For example, although appellant demonstrated

her ability to keep a clean house by doing so when she initially relocated to a trailer, her housekeeping efforts subsequently lapsed and again became unacceptable. We think that the inadequacy of housing which caused the children to be removed was largely the result of uncleanliness, a condition which was not remedied despite meaningful efforts by ADHS. Furthermore, although there is no assurance that the children will be adopted, we cannot say that the ADHS plan for placement of the children is not appropriate given appellant's unwillingness to provide proper care for them. We find no error on this point.

Nor do we agree with appellant's argument that the trial judge committed reversible error in granting the termination petition because it was filed before both children had continued out of the home for twelve months. The record shows that, at the time the petition was filed, Everett had been outside the home for more than twelve months, but Darrell had been in foster care for a few days over eleven months. However, even if Ark. Code Ann. § 9-27-341(b) did not permit a termination petition to be filed until both children had continued out of the home for twelve months (a matter which we do not decide), any error that may have taken place in the case at bar was cured because the hearing was not conducted until both children had been out of the home for over fourteen months. *See Briscoe v. State*, 323 Ark. 4, 912 S.W.2d 425 (1996).

Next, appellant contends that Ark. Code Ann. § 9-27-341(b)(2)(E) creates an unconstitutional presumption that the mentally ill have the inability to rehabilitate their circumstances. We do not address this issue because appellant lacks standing to raise it. The trial judge's order specifically stated that appellant had the mental capacity to remedy her conditions and that the termination petition was not granted under Ark. Code Ann. § 9-27-341(b)(2)(E). An appellant lacks standing to challenge the constitutionality of a statute where it was not applied to her in a discriminatory manner. *Wineman v. Brewer*, 280 Ark. 527, 660 S.W.2d 655 (1983).

Affirmed.

JENNINGS and STROUD, JJ., agree.