JoAnne H. Bush, Chairman Arkansas Local Police Fire Retirement System P.O. Box 34164 Little Rock, AR 72203
Dear Ms. Bush:
I am writing in response to your request for an opinion concerning membership on the Board of Trustees of the Arkansas Local Police Fire Retirement System ("Board"). As background for your question, you state that the firefighter representative on the Board, whose term ends at the end of calendar year 2003, was recently terminated from his position with a municipal fire department and is appealing his discharge to the Civil Service Commission ("Commission") of the municipality. You further state that the Commission will not be acting on the appeal until after the Board's December quarterly meeting.
Your specific question in this regard is whether the firefighter's termination disqualifies him from participation as a board member at the Board meeting scheduled on December 4, 2003.
RESPONSE
It is my opinion that the answer to this question is in all likelihood "no" under these circumstances, where the firefighter is a civil service employee who is exercising his statutory right to appeal the discharge to the Commission.
It is my understanding that the firefighter serves as a "member trustee" on the Board, pursuant to A.C.A. § 24-10-201(a)(1) (Repl. 2002), which provides for the Governor's appointment of one person to serve on the board of the Arkansas Local Police and Fire Retirement System ("LOPFI") from lists submitted by the Arkansas Fire Fighters Association and the Arkansas Council of Professional Fire Fighters. Your question concerning the disqualification of this member trustee requires initial reference to A.C.A. § 24-10-202(a) (Repl. 2002), which states in relevant part as follows regarding the occurrence of a vacancy in the office of trustee:
 In the event any member trustee ceases to be a member of the Arkansas Local Police and Fire Retirement System, . . . he or she shall be considered as having resigned from the board, and the board by resolution shall declare his or her office of trustee vacated.
With regard to membership in LOPFI, reference must be made to A.C.A. §24-10-504(a)(1) (Supp. 2003), which addresses forfeiture of such membership and which states:
 When a member is no longer employed by any employer in covered employment, he or she shall cease to be a member of the Arkansas Local Police and Fire Retirement System. [Emphasis added.]
"Covered employment" means "employment as a police officer or fire fighter in a position covered by the system[.]" A.C.A. § 24-10-102(9) (Supp. 2003). As a general matter, therefore, membership in LOPFI ceases upon termination of one's employment as a firefighter, which in turn will trigger a vacancy in the firefighter's position as a member trustee on the Board, according to § 24-10-202, supra.
You have stated that the particular firefighter/member trustee in question was recently terminated, which suggests that the trustee position must be declared vacant. Id. I believe further analysis is required, however, in the case of a firefighter who is covered by civil service. The discharge of civil service employees is governed by A.C.A. § 14-51-308. This Code section requires, inter alia, that an employee be given written notice of the discharge at the time the action is taken; and it affords the employee the right to a "trial" before the civil service commission as follows:
 (b) (1) Within ten (10) days after the notice in writing is served upon the officer, private, or employee, he may, if he so desires, request a trial before the commission on the charges alleged as the ground for discharge.
 (2) (A) In the event a request for trial is made, the commission shall fix a date for the trial not more than fifteen (15) days after request therefore is made.
 (B) If the request for trial is not made within ten (10) days from the date of service of notice of discharge, the discharge shall become final and no trial shall be granted thereafter.
A.C.A. § 14-51-308 (Supp. 2003) (emphasis added).
These procedures are relevant, in my opinion, to the question of whether a civil service member of LOPFI is "no longer employed . . . in covered employment," such that he or she has ceased to be a LOPFI member (A.C.A. § 24-10-504, supra). As explained above, this is the pivotal question in determining whether the member trustee in this instance "shall be considered as having resigned from the [B]oard." (A.C.A. § 24-10-202,supra). I have found no helpful interpretive authority regarding §24-10-504. Presumably, forfeiture of LOPFI membership is a matter requiring case-by-case review. The above-emphasized language in the civil service statute clearly indicates, however, that there is no final discharge of a civil service employee if the employee has requested a "trial," i.e., an appeal, before the civil service commission.[1] This conclusion is reinforced, moreover, by the Arkansas Supreme Court's characterization of a civil service employee's discharge as a "threatened discharge." Stafford, supra, 276 Ark. at 468 (noting that A.C.A. §14-51-308 "limits the right to a trial [before the commission] to threatened discharge or reduction in rank or compensation. . . .")
Accordingly, I believe it may reasonably be concluded that the firefighter in this instance remains employed in covered employment and has not ceased to be a member of LOPFI because his discharge is not considered final, pending the Commission's trial of the matter. It necessarily follows, therefore, that he is not disqualified at this time as a member trustee on the Board.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] See Stafford v. City of Hot Springs, 276 Ark. 466, 637 S.W.2d 553
(1982) (stating that a "trial" before the civil service commission pursuant to A.C.A. § 14-51-308 is, in effect, an appeal). A civil service employee also has a right of appeal to circuit court. See A.C.A. §14-51-308(e). This is distinguishable, however, from an appeal to the commission under § 14-51-308(b). It seems clear that in the case of a court appeal, the party is appealing a final suspension, discharge, or reduction in rank decision by the commission. See A.C.A. § 14-51-308(f) (entitling an employee to judgment for any loss sustained by reason of a "wrongful suspension, discharge, or reduction in rank. . . .", thus reflecting the fact of suspension, discharge, or demotion).