

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-423

| | | |
|---|---|---|
| | | **Opinion Delivered** September 30, 2015 |
| SHERRI CHAFFIN | | |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. JV-2013-191] |
| V. | | |
| | | HONORABLE ROBERT EDWARDS, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Sherri Chaffin appeals from an order terminating her parental rights to her four minor children. She argues that the evidence does not support the trial court's finding of a statutory ground for termination or its finding that termination was in the children's best interest. She also contends that she was not afforded legal counsel in a timely fashion. We affirm.

Appellant and the children's father divorced in 2005, when appellant was in federal prison, and the father was awarded custody. The children were removed from the custody of their father in July 2013 due to inadequate supervision and the father's drug use. One of the children, then twelve years old, had been left home alone; two thieves were discovered in the home at around 1:00 a.m., hiding from the police; the parents could not be reached; the home contained little food and no water or furniture; and, once located, the father tested positive for methamphetamine. Probable cause and adjudication hearings and orders soon followed, with the children being found to be dependent-neglected and custody being

placed with the Arkansas Department of Human Services (DHS). A case plan developed by DHS was approved by the trial court and required, *inter alia*, that appellant undergo a psychological evaluation; attend regular psychological counseling; obtain and maintain stable employment and provide proof of financial stability; attend parenting classes and demonstrate parenting skills learned; and maintain safe and appropriate housing.

Over the next eighteen months, services were offered to appellant and the children's father, and a number of review and permanency planning hearings were held. The father was rarely present at the hearings, he did not visit the children, and his whereabouts were often unknown to DHS or the court. Appellant partially complied with the case plan: she underwent the psychological evaluation but soon dropped out of counseling, failed to attend parenting classes, and never got a job. She, too, rarely visited the children. She also missed at least two of the review hearings. About nine months into the case, in the spring of 2014, appellant was incarcerated for a short period for writing hot checks. Eventually, DHS filed a petition to terminate the parental rights of both parents. After a January 2015 hearing, attended by both appellant and the father and their respective court-appointed attorneys, the trial court terminated their parental rights. Appellant appeals that decision.[1]

The termination of parental rights is a two-step process. The trial court must find by clear and convincing evidence (1) the existence of one or more statutory grounds for termination and (2) that termination is in the best interest of the children. *Harbin v. Arkansas Department of Human Services*, 2014 Ark. App. 715, 451 S.W.3d 231. On appeal, sufficiency

---

[1] The father's case is not before us in this appeal.

of the evidence is determined by whether the trial court's finding that the fact was proved by clear and convincing evidence is clearly erroneous. *McDaniel v. Arkansas Department of Human Services,* 2013 Ark. App. 263. A finding is clearly erroneous when the appellate court is, on the entire evidence, left with a definite and firm conviction that a mistake has been made. *Id.* In deciding whether a finding of the trial court is clearly erroneous, we give great deference to the superior opportunity of the trial court to observe the parties and to judge the credibility of witnesses. *Id.*

Appellant first contends that the evidence is insufficient to support either of the two statutory grounds for termination found by the trial court in this case, namely, that appellant had failed to remedy the conditions that caused removal of the children under Arkansas Code Annotated section 9-27-341(b)(1)(B)(i)*(a)* (Supp. 2013), and that other factors had arisen subsequent to the original petition that demonstrate that placement of the children with appellant would be contrary to their health, safety, and welfare and that appellant had manifested the incapacity or indifference to remedy those issues under section 9-27-341(b)(1)(B)(vii)*(a)*. However, as to the second ground relied upon by the trial court, "other factors," appellant offers only a two-sentence, conclusory argument that is essentially limited to the following statement: "The petition does not allege, *the testimony does not bear out*, and the court does not make a finding specifically as to what other factors arose subsequent to the filing of the petition that set this ground in motion." (Emphasis added.) Under these circumstances, we need not address the sufficiency of the evidence to support the finding of statutory grounds for termination.

Appellant did not object below to the perceived lack of factual specificity of the petition to terminate her parental rights, and that argument cannot be raised for the first time on appeal. *See Thompson v. Thompson*, 2012 Ark. App. 296. Moreover, appellant did not request specific findings of fact from the trial court, and she cites nothing for the proposition that the court is otherwise obligated to expressly make specific findings to support its conclusion. Indeed, in the absence of a statute or rule requiring specific findings of fact or a timely request for specific findings under Ark. R. Civ. P. 52, the appellate court will ordinarily presume that the trial court made findings necessary to support its conclusion. *See American States Insurance Co. v. Williams*, 2010 Ark. 840.

Therefore, appellant's attack on the sufficiency of the evidence to support the court's "other factors" determination is limited to her contention that "the testimony does not bear out" the ground. However, a mere conclusory statement without convincing argument or citation to authority is not effective to raise a point on appeal. *Hall v. Arkansas Department of Human Services*, 2012 Ark. App. 245, 413 S.W.3d 542. Inasmuch as appellant's brief leaves the "other factors" ground found by the trial court unchallenged, that ground is sufficient to establish the statutory-ground element of appellee's burden of proof. *Lively v. Arkansas Department of Human Services*, 2015 Ark. App. 131, 456 S.W.3d 383; *Casarreal v. Arkansas Department of Human Services*, 2010 Ark. App. 622.

Appellant next contends that the trial court erred in finding that termination of her parental rights was in the children's best interest. We find no error on this point.

4

The best–interest analysis includes consideration of the likelihood that the children will be adopted and of the potential harm caused by returning custody of the children to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2013). However, adoptability and potential harm are merely factors to be considered—they are not elements of the cause of action and need not be established by clear and convincing evidence. *See Harbin v. Arkansas Department of Human Services*, 2014 Ark. App. 715, 451 S.W.3d 231; *McDaniel v. Arkansas Department of Human Services*, 2013 Ark. App. 263. Rather, after *considering* all of the factors, the trial court must find by clear and convincing evidence that termination of parental rights is in the best interest of the children. *Harbin, supra.* The harm referred to in the statute is "potential" harm; the trial court is not required to find that actual harm will result or to affirmatively identify a potential harm. *Fox v. Arkansas Department of Human Services*, 2014 Ark. App. 666, 448 S.W.3d 735; *Welch v. Arkansas Department of Human Services*, 2010 Ark. App. 798, 378 S.W.3d 290. Moreover, evidence on this factor must be viewed in a forward-looking manner and considered in broad terms. *Fox, supra.*

Here, the termination hearing was held eighteen months after the children had been taken into DHS custody. During that time, appellant was never in full compliance with the case plan. Although she attended the ordered psychological evaluation fairly shortly after the case had begun, she admitted to the examiner that she had stopped attending the required counseling sessions for some period. Nine months into the case, appellant was incarcerated for a short time for writing hot checks. As late as fifteen months into the case, the trial court found that appellant still had not completed parenting classes; in fact, there was evidence that

5

SLIP OPINION

she did not provide the required proof of completion until the morning of the termination hearing. Appellant admittedly has not worked since the case began. Her only income is $733 in disability and $75 in food stamps monthly. She is living in a two-bedroom apartment but apparently moved there only recently. She still has no means of transportation. She missed several hearings in this case and, since 2012, has visited with her children only eight to ten times. She admitted that she knew since at least 2012 that her ex-husband was abusing methamphetamine but took no action to try to protect the children. Moreover, the children in this case were all at least twelve years old, and three were at least fourteen, and there was evidence that they neither wanted to live with appellant nor even wished to visit her. The DHS caseworker testified, and appellant actually conceded, that the children are adoptable.

Additionally, witnesses familiar with the case expressed serious concerns for the children's welfare should appellant regain custody. DHS caseworker Darby Miller and court-appointed special advocate Sarah Hite both opined that appellant's current living arrangements, lengthy housing instability, and lack of employment and financial stability would put the children at risk. Ms. Darby further testified that appellant seemed more interested in herself than her children. Ms. Darby also expressed concerns over appellant's frequent erratic behavior, including her focus on "conspiracy theories and people out to get her," including a recent phone conversation between the two women where appellant claimed that she "was a witness to something in jail" and had been "in contact with witness protection."

Appellant testified that she had recently completed parenting classes and was attending counseling sessions. She stated that she had moved into a two-bedroom apartment, which she thought was adequate for her and her four teenaged children, and that she had applied to HUD for a larger residence. She blamed her recent incarceration on some unknown thief who she said had stolen her checks and forged her name. She blamed her failure to attend court and failure to visit the children in part on a lack of assistance from DHS. At the end of the hearing, appellant's attorney pleaded, "She just needs more time or services from [DHS] to maybe rehabilitate this relationship with the kids."

The intent of our termination statute is to provide permanency in minor children's lives in circumstances where returning the children to the family home is contrary to the their health, safety, or welfare, and where the evidence demonstrates that the return cannot be accomplished in a reasonable period of time as viewed from the children's perspective. Ark. Code Ann. § 9-27-341(a)(3); *Harbin*, *supra*. The child's need for permanency and stability may override the parent's request for additional time to improve the parent's circumstances. *Harbin*, *supra*. Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for the children. *Id.* From our review of the record in this case, we cannot conclude that the trial court clearly erred in finding that termination of appellant's parental rights was in her children's best interest.

Appellant finally argues that the trial court erred in not appointing counsel for her at the early stages of the dependency-neglect proceedings. We disagree. First, we do not read

SLIP OPINION

the statute as entitling appellant to appointed counsel prior to the decision to proceed with termination as the goal. Arkansas Code Annotated section 9-27-316 (Supp. 2013) provides in pertinent part as follows:

> (h)(1)(A) All parents and custodians have a right to counsel in all dependency-neglect proceedings.
>
> (B) In all dependency-neglect proceedings that set out to remove legal custody from a parent or custodian, the parent or custodian *from whom custody was removed* shall have the right to be *appointed* counsel, and the court shall appoint counsel if the court makes a finding that the parent or custodian *from whom custody was removed* is indigent and counsel is requested by the parent or custodian.
>
> (C) Parents and custodians shall be advised in the dependency-neglect petition or the ex parte emergency order, whichever is sooner, and at the first appearance before the court, of the right to counsel and the right to appointed counsel, *if eligible*.
>
> (D) *All parents* shall have the right to be *appointed* counsel in *termination of parental rights hearings*, and the court shall appoint counsel *if* the court makes a finding that the parent is indigent and counsel is requested by the parent.

(Emphasis added.) Here, appellant was not a parent "from whom custody was removed." While she had a right to be represented by counsel at all stages of the proceedings, she was not entitled to *appointed* counsel under the statute before the process moved to termination of her rights. It is clear that counsel was appointed for appellant at least a month before the hearing on the petition to terminate parental rights.

In any event, the record does not indicate that appellant ever requested counsel as the statute requires. And, finally, there is authority for the proposition that any "failure" to appoint counsel at early stages of the dependency-neglect process is harmless if the parent has an attorney prior to the termination hearing. *See Briscoe v. State*, 323 Ark. 4, 912 S.W.2d 425



(1996); *Jefferson v. Arkansas Department of Human Services*, 356 Ark. 647, 158 S.W.3d 129 (2004).

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Mischa K. Martin*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor children.