

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-721

| | |
|---|---|
| JAMIE DUNN AND WILLIAM DUNN | Opinion Delivered: JANUARY 20, 2016 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60JV-14-361] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE PATRICIA ANN JAMES, JUDGE |
| APPELLEES | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellants William Dunn and Jamie Dunn appeal from the termination of their parental rights to their two daughters, I.D., age three, and K.D., age one. Jamie also appeals from the termination of her parental rights to G.L., her five-year-old son from a previous relationship.[1] On appeal, William and Jamie challenge the sufficiency of the evidence supporting the termination of their parental rights. We affirm.

We review termination of parental rights cases de novo. *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp.

---

[1] G.L.'s putative father abandoned G.L., and his parental rights were also terminated. G.L.'s putative father did not appeal.

2015); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarborough v. Ark. Dep't of Human Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006).

In March 2014, William and Jamie were living in a hotel with the two older children. The youngest child, K.D., was born on March 7, 2014.

On March 17, 2014, appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody of all three children. Attached to the petition was an affidavit of a family service worker stating that K.D. had tested positive for marijuana at birth and was diagnosed with polycythemia. Upon being investigated, Jamie admitted to smoking marijuana to help relieve contraction pains while pregnant with K.D. Both parents were drug screened, and both William and Jamie tested positive for marijuana and methamphetamine. Jamie also tested positive for PCP. K.D. was released from the hospital on March 14, 2014, and DHS took an emergency hold of all three children. On March 17, 2014, the trial court entered an order for emergency DHS custody.

The trial court entered a probable-cause order on March 19, 2014. In the probable-cause order, the trial court ordered that the parties undergo a psychological evaluation,

SLIP OPINION

submit to random drug screens, and submit themselves to a drug–and–alcohol assessment and follow any recommendations. The parties were also ordered to maintain stable housing and employment.

On May 7, 2014, the trial court entered an order adjudicating the children dependent/neglected based on the trial court's finding that the children had been subjected to parental unfitness and neglect due to their parents' drug use. The adjudication order noted that both I.D. and G.L. had tested positive on a hair-follicle test for amphetamines, meth, cannabinoids, and THC. The goal of the case was reunification.

A review order was entered on August 27, 2014, wherein the trial court found that William and Jamie were mostly in compliance with the case plan, and that William had a good job and needed to keep it. However, on February 11, 2015, the trial court entered a review/permanency-planning order stating that William had lost his job and had spent forty-five days in jail for failure to pay child support for his child from a prior relationship. That order noted that Jamie had been noncompliant with the case plan, and that although she had obtained employment at a discount store, she was fired two weeks later and was currently unemployed. The trial court also found that the parents had failed to maintain stability and that both had recently tested positive for THC. The goal of the case was changed to termination of parental rights and adoption.

DHS filed a petition to terminate both parents' parental rights on April 2, 2015. The termination hearing was held on May 4, 2015.

On June 9, 2015, the trial court entered an order terminating William's and Jamie's parental rights as to the three children. The trial court found by clear and convincing

evidence that termination of parental rights was in the children's best interest, and the court

specifically considered the likelihood that the children would be adopted, as well as the

potential harm of returning them to the custody of their parents as required by Arkansas

Code Annotated section 9-27-341(b)(3)(A)(i) & (ii) (Supp. 2015). The trial court also

found, with respect to both parents, clear and convincing evidence of the following two

statutory grounds under subsection (b)(3)(B):

> (vii)(a)  That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.
>
> . . . .
>
> (ix)*(a)*  The parent is found by a court of competent jurisdiction, including the juvenile division of circuit court, to:
> > *(3)(A)*  Have subjected any juvenile to aggravated circumstances.
> > *(B)* "Aggravated circumstances" means:
> > > *(i)* . . . [A] determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification[.]

With respect to Jamie only, the trial court further found that DHS proved statutory grounds

under subsection (b)(3)(B)(i)*(a)*, which provides:

> That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months, and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

Dr. Paul DeYoub, a forensic psychologist, testified at the termination hearing.

Dr. DeYoub performed psychological evaluations on both William and Jamie.    He

SLIP OPINION

diagnosed William and Jamie with cannabis-use disorder, and his greatest concern was their drug use and denial of the same. Dr. DeYoub was also concerned about their lack of stability. Dr. DeYoub stated that both William and Jamie were capable of maintaining employment.

Jamie testified that, since the children were removed from her custody, she has had four different residences, including living in a hotel, living with her mother, and living with a friend. Jamie also stated that she was unemployed and had not worked for almost a year. Jamie acknowledged that she had a drug problem, and she tested positive for THC on hair-follicle tests administered in January and March of 2015. However, Jamie denied any illegal drug use during 2015, explaining that the positive drug tests were probably the result of living with an every-day marijuana user. Jamie indicated that she previously had her parental rights terminated to four other children due to her drug use. She also stated that she gave birth to another child six weeks before the termination hearing.

William testified that he has a drug problem and that his drug of choice is marijuana. However, he stated that he is seeking help for his drug problem and has not used marijuana since the children were removed from their custody in March 2014. However, William tested positive for THC on a urine screen in December 2014, and again tested positive on a hair-follicle test in March 2015. He blamed the positive results on being around other people who use drugs.

William acknowledged having multiple jobs and residences since this case was opened. He was presently working as a mechanic, and he and Jamie had been living in the same residence for a little more than three months. William testified:

> As for what I'm asking the court today, I know it's impossible to ask for the children to be returned today. I mean, that's not fathomable. We have other stuff we need to work through, I want the opportunity to prove that we are going to continue to be stable.

Latasha Gause, a family-service worker, testified that both parents had completed outpatient drug counseling in August 2014. However, since that time both of them have had positive drug screens. Latasha indicated that both parents had missed numerous scheduled visits with the children, and she said that until recently they had not had a stable housing situation. Latasha testified that the children need permanency, and she recommended termination of parental rights.

Brenda Keith is an adoption specialist for DHS. Brenda testified that there were no factors that would prohibit adoption of the three children and that the likelihood of adoption was high.

In this appeal, William challenges each of the statutory grounds found by the trial court in support of the termination order.[2] In addition, both William and Jamie challenge

---

[2] In appellant's brief, Jamie concedes that there were indisputable statutory grounds proved against her because she had her parental rights involuntarily terminated as to four siblings of the children at issue. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(4)* (Supp. 2015). Although the trial court did not make a finding on this ground, it was alleged in DHS's termination petition and it was proved. *See Fenstermacher v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 88, 426 S.W.3d 483.

the trial court's finding that termination of their parental rights was in the best interest of the children.

William contends that none of the statutory grounds supported termination of his parental rights, asserting that he has made progress since the case began and is presently employed with stable housing. Although William tested positive for THC in December 2014 and March 2015, he notes that on numerous other occasions he had negative drug screens. He submits that this is not a case where he chose drugs over his children as found by the trial court in the termination order, and he asserts that he had complied with the case plan and was working toward reunification with the children.

Only one statutory ground must be proved to support the termination. *Willingham v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 568. We conclude that the trial court committed no error in finding that the children had been subjected to aggravated circumstances pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)* because there was little likelihood that services to the family would result in successful reunification. Although William testified that he no longer uses drugs, he tested positive for THC less than seven weeks before the termination hearing, and the trial court specifically found William not credible. Although William was employed at the time of the termination hearing, his employment and housing situation had been sporadic throughout the fourteen months since the children were removed. William acknowledged at the termination hearing that it was impossible to ask for the return of his children at that time, and on this record we hold that

the trial court did not clearly err in finding that William had subjected his children to aggravated circumstances.

Both William and Jamie also argue that termination of parental rights was not in the best interest of the children. Appellants acknowledge their addiction to drugs, but assert that each of them has made progress and complain that, if being a recovering addict is the standard by which a parent is gauged, no child of a recovering addict could ever be returned to the home. William and Jamie also contest the trial court's finding that the children would be at risk of potential harm if returned to their custody. Appellants note that Jamie has recently had another child who was not removed from their custody, and contend that if that baby is not at risk in their care, neither would be the older three children.

We hold that the trial court did not clearly err in finding that termination of appellants' parental rights was in the best interest of the children. Although the most recent child born to the appellants remains in their custody, our inquiry focuses only on the best interest of the three children involved in this appeal. The evidence on potential harm must be viewed in a forward-looking manner and considered in broad terms, and the trial court is not required to find that actual harm will result or to affirmatively identify potential harm. *Chaffin v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 522, 471 S.W.3d 251. In addition, we have held that a child's need for permanency and stability may override a parent's request for additional time to improve the parent's circumstances. *Dozier v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 17, 372 S.W.3d 849.

In this case both parents, whom the trial court specifically found to be not credible, tested positive for illegal drugs a year after the removal of their children. William's

employment history has been inconsistent, and Jamie remains unemployed despite having the ability to work. Appellants' housing situation has also been unstable. Both parents visited the children only sporadically, and there was evidence that the children were doing very well in foster care and were highly adoptable. William acknowledged at the termination hearing that the children could not yet be returned to their parents' home.

Contrary to the appellants' argument, the trial court did not terminate parental rights based on their alleged addiction to marijuana. The trial court terminated parental rights due to the fact that William had been incarcerated, neither parent could sustain consistent employment or housing, both tested positive for marijuana shortly before the termination hearing, and William admitted that after fourteen months of DHS involvement the parents were unable to accept custody of the children. Considering the evidence before the trial court, we conclude that the trial court's finding that termination was in the children's best interest was not clearly erroneous.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.